# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CAO NGUYEN INC., an Oklahoma corporation, Plaintiff, vs. SAIGON-TAIPEI, INC., a Texas corporation; KIM SENG COMPANY, a California corporation; SAIGON TAIPEI MARKET #4, LLC, an Oklahoma limited liability company, Defendants. | Case No. CIV-08-1244-M |

## ORDER

Before the Court is defendants' Motion to Strike Exhibit 1 to Cao Nguyen's Surreply Opposing Defendants' Motion for Summary Judgment, filed May 19, 2010. On June 2, 2010, plaintiff filed its response. Based upon the parties' submissions, the Court makes its determination.

Attached to plaintiff's surreply brief is a supplemental expert report from Mr. Leahey, one of plaintiff's experts. Defendants now move to strike this supplemental report, other than Mr. Leahey's additional credentials listed on the first two pages, from consideration of defendants' motion for summary judgment that the term "Nang Huong Cho Dao" is generic and from admission in this case.

First, defendants contend that the contents of Mr. Leahey's supplemental report, with the exception of that portion of the report that expands on the credentials of Mr. Leahey, are outside the limited topics plaintiff was granted leave to address in its surreply brief. In its response, plaintiff states that Mr. Leahey's supplemental report was attached to the surreply brief solely for the purpose of citing to Mr. Leahey's expanded credentials detailed within his supplemental report and plaintiff

did not intend for the Court to review any of the non-referenced facts and/or opinions contained within the supplemental report for purposes of defendants' motion for summary judgment. Having carefully reviewed the parties' submissions, the Court finds that defendants' motion to strike should be granted in relation to consideration of the supplemental report for purposes of defendants' motion for summary judgment and strikes Mr. Leahey's supplemental report, other than Mr. Leahey's additional credentials listed on the first two pages, from consideration of defendants' motion for summary judgment that the term "Nang Huong Cho Dao" is generic.

Defendants further contend that the supplemental report should be ruled inadmissible for all further proceedings in this matter because said report was submitted forty-six days after receiving defendants' expert Dr. Linscombe's report. In its response, plaintiff states that it did not believe that the "Summary of Testimony" attached to defendants' Motion for Summary Judgment was Dr. Linscombe's expert report and that defendants filed Dr. Linscombe's expert report on April 12, 2010. Plaintiff, therefore, asserts that Mr. Leahey's supplemental report was timely submitted on May 12, 2010.

Federal Rule of Civil Procedure 26(a)(2)(C)(ii) provides:

> (C) *Time to Disclose Expert Testimony.* A party must make these disclosures at the times and in the sequence that the court orders. Absent a stipulation or a court order, the disclosures must be made:
>
> \* \* \*
>
> (ii) if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B), within 30 days after the other party's disclosure.

Fed. R. Civ. P. 26(a)(2)(C)(ii).

2

Because there was no stipulation or court order establishing a different time to submit rebuttal expert reports,[1] the Court finds that Mr. Leahey's supplemental report, which was submitted thirty days after Dr. Linscombe's expert report was submitted, was timely. The Court, therefore, finds that Mr. Leahey's supplemental report should not be ruled inadmissible for all further proceedings in this matter.

Accordingly, the Court GRANTS IN PART and DENIES IN PART defendants' Motion to Strike Exhibit 1 to Cao Nguyen's Surreply Opposing Defendants' Motion for Summary Judgment [docket no. 76] as follows:

(1) The Court GRANTS the motion to strike in relation to consideration of the supplemental report for purposes of defendants' motion for summary judgment and STRIKES Mr. Leahey's supplemental report, other than Mr. Leahey's additional credentials listed on the first two pages, from consideration of defendants' motion for summary judgment that the term "Nang Huong Cho Dao" is generic.

(2) The Court DENIES the motion to strike in relation to ruling Mr. Leahey's supplemental report inadmissible for all further proceedings in this matter.

**IT IS SO ORDERED this 7th day of July, 2010.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] The Court would specifically find that its order granting plaintiff's motion to file a surreply brief on limited topics did not establish a different time to submit rebuttal expert reports nor bar the submission of rebuttal expert reports.