# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CAO NGUYEN INC., <br> an Oklahoma corporation, <br><br> Plaintiff, <br><br> vs. <br><br> SAIGON-TAIPEI, INC., <br> a Texas corporation; <br> KIM SENG COMPANY, <br> a California corporation; <br> SAIGON TAIPEI MARKET #4, LLC, <br> an Oklahoma limited liability company, <br><br> Defendants. | Case No. CIV-08-1244-M |

## **ORDER**

This case is scheduled for trial on the Court's August 2010 trial docket.

Before the Court is defendants' Joint Motion for Summary Judgment, filed April 1, 2010. On April 22, 2010, plaintiff filed its response. On April 29, 2010, defendants filed their reply, and on May 17, 2010, plaintiff filed its surreply. Based upon the parties' submissions, the Court makes its determination.

I.  Introduction

Plaintiff operates the largest Asian supermarket in Oklahoma City, Oklahoma. Plaintiff also provides products, including rice, to customers throughout the United States. On October 2, 2000, plaintiff filed for federal trademark registration of the term "Nang Huong Cho Dao" for rice. Plaintiff obtained federal registration of "Nang Huong Cho Dao" for rice on January 22, 2002.

Both plaintiff and defendant Kim Seng Company sell rice that displays the term "Nang Huong Cho Dao" on the packaging at the wholesale level. Both plaintiff and defendant Saigon Taipei Market #4, LLC sell rice that displays the term "Nang Huong Cho Dao" on the packaging

at the retail level. On November 18, 2008, plaintiff filed the instant action based upon defendants' use of the term "Nang Huong Cho Dao."

II.  Discussion

Defendants now move for summary judgment in their favor on all claims asserted by plaintiff and for summary judgment on defendants' counterclaims for cancellation of plaintiff's federal registration of the term "Nang Huong Cho Dao" for rice. Specifically, defendants assert that summary judgment is appropriate because the term "Nang Huong Cho Dao" is the name of a particular genetic variety of rice, names of plant varieties are generic terms, and a generic term can never be a trademark. Defendants, therefore, contend that plaintiff's federal registration of "Nang Huong Cho Dao" is invalid and that plaintiff may not assert any rights in that term in association with rice.

The parties do not dispute that the names assigned to different varieties of plants are a subset of generic terms that can not function as trademarks. What the parties do dispute is whether "Nang Huong Cho Dao" is the name of a particular genetic variety of rice, and, as such, a generic term that can not be a trademark.

"Whether a term is a generic, common descriptive name for a good is a question of fact." *In re Pennington Seed, Inc.*, 466 F.3d 1053, 1056 (Fed. Cir. 2006). "Where, as here, the party claiming infringement has registered the term on the Principal Register, the registration establishes a rebuttable presumption that the term is not generic." *Colt Defense LLC v. Bushmaster Firearms, Inc.*, 486 F.3d 701, 705 (1st Cir. 2007). "This presumption may be overcome where the alleged infringer demonstrates genericness by a preponderance of the evidence." *Id.*

Having carefully reviewed the parties' submissions, and viewing the evidence in the light most favorable to plaintiff, the Court finds that there is a genuine issue of material fact as to whether "Nang Huong Cho Dao" is the name of a particular genetic variety of rice. While defendants have presented some evidence, including expert testimony, that "Nang Huong Cho Dao" is the name for a particular genetic variety of rice from Vietnam, plaintiff has also presented some evidence, including expert testimony, that "Nang Huong Cho Dao" is not the name for a particular genetic variety of rice. Accordingly, the Court finds that defendants are not entitled to summary judgment.

III. Conclusion

For the reasons set forth above, the Court DENIES defendants' Joint Motion for Summary Judgment [docket no. 47].

**IT IS SO ORDERED this 7th day of July, 2010.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE