# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CAO NGUYEN INC., an Oklahoma corporation, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. CIV-08-1244-M ) |
| SAIGON-TAIPEI, INC., a Texas corporation; KIM SENG COMPANY, a California corporation; SAIGON TAIPEI MARKET #4, LLC, an Oklahoma limited liability company, | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## **ORDER**

This case is scheduled for trial on the Court's August 2010 trial docket.

Before the Court is plaintiff's Motion for Partial Summary Judgment, filed April 1, 2010. On April 22, 2010, defendant Kim Seng Company ("Kim Seng") filed its response. On April 29, 2010, plaintiff filed its reply. Based upon the parties' submissions, the Court makes its determination.

I.      Introduction

Plaintiff operates the largest Asian supermarket in Oklahoma City, Oklahoma. Plaintiff also provides products, including rice, to customers throughout the United States. On October 2, 2000, plaintiff filed for federal trademark registration of the phrase "NANG HUONG CHO DAO" for rice. Plaintiff obtained federal registration of "NANG HUONG CHO DAO" for rice on January 22, 2002. Plaintiff has been selling rice in association with the NANG HUONG CHO DAO mark since at least as early as December 15, 1999. Plaintiff's trademark registration for NANG HUONG CHO DAO is now incontestable under 15 U.S.C. § 1065.

Kim Seng sells rice with the NANG HUONG CHO DAO mark on the packaging in markets in the United States that directly overlap with the markets in which plaintiff sells its rice with the NANG HUONG CHO DAO mark. In 2007, plaintiff became aware that Saigon Taipei in Oklahoma City was selling products supplied by Kim Seng with the NANG HUONG CHO DAO mark on the packaging. Plaintiff, through its counsel, sent a letter in August of 2008 to Kim Seng demanding that Kim Seng cease using the NANG HUONG CHO DAO mark.

Based on Kim Seng's refusal to stop using the NANG HUONG CHO DAO mark, plaintiff filed the instant action alleging trademark infringement. Kim Seng, however, alleges that it has been using the phrase NANG HUONG CHO DAO since 1997 and has asserted the affirmative defense of prior use and a counterclaim for trademark infringement. Plaintiff now moves for summary judgment on Kim Seng's prior use defense and Kim Seng's counterclaim for trademark infringement.

II.     Summary Judgment Standard

"Summary judgment is appropriate if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The moving party is entitled to summary judgment where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. When applying this standard, [the Court] examines the record and reasonable inferences drawn therefrom in the light most favorable to the non-moving party." *19 Solid Waste Dep't Mechs. v. City of Albuquerque*, 156 F.3d 1068, 1071-72 (10th Cir. 1998) (internal citations and quotations omitted).

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Furthermore, the non-movant has a burden

of doing more than simply showing there is some metaphysical doubt as to the material facts. Rather, the relevant inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Neustrom v. Union Pac. R.R. Co.*, 156 F.3d 1057, 1066 (10th Cir. 1998) (internal citations and quotations omitted).

III.  Discussion

    A.  Prior Use Defense

Section 15 of the Lanham Act, 15 U.S.C. § 1065, provides for a prior use defense to an infringement claim. Specifically, § 1065 provides, in pertinent part:

> Except on a ground for which application to cancel may be filed at any time under paragraphs (3) and (5) of section 1064 of this title, and <u>except to the extent, if any, to which the use of a mark registered on the principal register infringes a valid right acquired under the law of any State or Territory by use of a mark or trade name continuing from a date prior to the date of registration under this chapter of such registered mark</u>, the right of the registrant to use such registered mark in commerce for the goods or services on or in connection with which such registered mark has been in continuous use for five consecutive years subsequent to the date of such registration and is still in use in commerce, shall be incontestable: . . . .

15 U.S.C. § 1065 (emphasis added).

To establish the prior use defense under § 1065, Kim Seng must show: (1) that it acquired trademark rights under state law prior to the date of plaintiff's trademark registration; (2) that it has continuously used the trademark from that date; and (3) that its prior use is on goods or services with respect to which infringement has been shown – bags of rice. 5 McCarthy on Trademarks and Unfair Competition § 26:53 (4th ed.); *Cullman Ventures, Inc. v. Columbian Art Works, Inc.*, 717 F. Supp. 96, 113 (S.D.N.Y. 1989).

3

Having carefully reviewed the parties' submissions, and viewing the evidence in the light most favorable to Kim Seng, the Court finds that Kim Seng has not submitted sufficient evidence to create a genuine issue of material fact as to whether it acquired trademark rights under state law prior to the date of plaintiff's trademark registration. While Kim Seng has submitted sufficient evidence to create a genuine issue of material fact as to whether it used the phrase NANG HUONG CHO DAO prior to the date of plaintiff's trademark registration, Kim Seng has submitted no evidence that it actually acquired trademark rights to the phrase NANG HUONG CHO DAO prior to the date of plaintiff's trademark registration.[1] The only evidence submitted regarding Kim Seng's use of the phrase NANG HUONG CHO DAO shows that said use was not to identify or distinguish its goods from others but to describe the rice as high-quality and good smelling. Further, in Kim Seng's discovery responses and deposition testimony, Kim Seng repeatedly states that the phrase NANG HUONG CHO DAO is not a trademark and it does not use the phrase as a trademark.

A prior use defense may also be established under 15 U.S.C. § 1115(b)(5). This defense, however, is narrower. "To establish prior use under this section, not only would [Kim Seng] have to prove the basic elements of its prior use claim under Section 15, but [Kim Seng] would also have to prove that its use began after [plaintiff's] use and before [plaintiff's] registration[] and that it adopted ['NANG HUONG CHO DAO'] as a trademark 'without knowledge of [plaintiff's] prior use." *Cullman*, 717 F. Supp. at 118 (internal citations omitted); *see also* 15 U.S.C. § 1115(b)(5). Because Kim Seng only asserts that its use of the phrase NANG HUONG CHO DAO began before

---

[1] In fact, in its response, Kim Seng does not even assert that it actually acquired trademark rights to the phrase NANG HUONG CHO DAO.

plaintiff's use, the Court finds that the prior use defense under 15 U.S.C. § 1115(b)(5) is not available to Kim Seng.

Accordingly, for the reasons set forth above, the Court finds that plaintiff is entitled to summary judgment as to Kim Seng's prior use defense.

### B. Trademark Infringement Counterclaim

Kim Seng has also asserted a counterclaim against plaintiff for common law trademark infringement. As set forth above, the Court has found that Kim Seng has submitted no evidence that it actually acquired trademark rights to the phrase NANG HUONG CHO DAO prior to the date of plaintiff's trademark registration. The evidence submitted undisputedly establishes that Kim Seng's use of the phrase NANG HUONG CHO DAO was not to identify or distinguish its goods from others but was to describe its rice as high-quality and good smelling. Finally, as noted above, in Kim Seng's discovery responses and deposition testimony, Kim Seng repeatedly states that the phrase NANG HUONG CHO DAO is not a trademark and it does not use the phrase as a trademark.

Based upon the above, the Court finds that plaintiff is entitled to summary judgment as to Kim Seng's trademark infringement counterclaim.

## IV. Conclusion

For the reasons set forth above, the Court GRANTS plaintiff's Motion for Partial Summary Judgment [docket no. 51].

**IT IS SO ORDERED this 3rd day of August, 2010.**

*[signature]*
VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE